# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STANLEY N. BRAND, M.D., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 07-0641-CV-W-FJG |
| | ) |
| KANSAS CITY GASTROENTEROLOGY | ) |
| & HEPATOLOGY, LLC, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is defendants' Motion to Dismiss (Doc. # 5), plaintiff's Motion to Remand (Doc. # 7) plaintiff's Motion for Extension of Time to Respond to Defendants' Supplemental Suggestions to Motion to Dismiss and to Permit Discovery (Doc. # 34) and plaintiff's Motion to Withdraw Document # 34 (Doc. # 38).

## I. BACKGROUND

Plaintiff, Stanley Brand, is a medical doctor specializing in gastroenterology and liver disease. Defendant Bradley L. Freilich is the director of K.C. Gastroenterology ("KCG") and was responsible for plaintiff's hiring and termination. Prior to his employment with defendants, plaintiff suffered a heart attack. Defendants knew this and also knew that plaintiff had received medical treatment at a cost of $60,000 a year. Prior to employing him defendants knew plaintiff was disabled and regarded him as having an impairment.

Defendant Freilich hired plaintiff as an employee on September 1, 2003. KCG provided group health insurance for all its employees, including plaintiff. Defendant Freilich continually complained that plaintiff's disability increased KCG's health care costs. (Plaintiff's Complaint ¶ 19). In April 2006, defendants decided to stop providing health care coverage to plaintiff and threatened to terminate him if he did not agree to become an independent contractor, which would relieve KCG of any responsibility for providing group health insurance to plaintiff. KCG continued providing health care coverage to its other employees. Plaintiff refused to sign the Independent Contractor Agreement and defendants terminated him on May 17, 2006.

Plaintiff filed a six count petition in state court alleging: 1) Disability Discrimination under the Missouri Human Rights Act; 2) Wrongful Discharge in Violation of Public Policy; 3) Breach of Implied Covenant of Good Faith/Fair Dealing; 4) Wrongful Failure to Renew a Contract; 5) Civil Conspiracy and 6) Negligence Per Se.

Defendants removed the case to federal court on the basis of federal question jurisdiction. Defendants argue that plaintiff's petition asserts a claim under § 510 of ERISA, which is also known as the ERISA Interference statute, 29 U.S.C. § 1140. Defendants also argue that plaintiffs' claims should be dismissed because they are preempted under ERISA. Plaintiff filed a motion to remand the case arguing that his claims relate to the loss of his employment and not to the terms or administration of the group health plan. Plaintiff states that he is not seeking to recover benefits due under the Plan, nor is he seeking to enforce rights or clarify his rights to future benefits under the Plan and thus his claims are not preempted.

## II. STANDARD

It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999).

"Since removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2 (D.Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

## III. DISCUSSION

Defendants removed this action pursuant to 28 U.S.C. § 1446, arguing that plaintiff's claims are in essence an ERISA § 510 claim and the Court has federal question jurisdiction over this case. Defendants then argue that plaintiff's petition should be dismissed as each of the claims is preempted by ERISA.

Plaintiff argues in opposition that defendants have the burden to establish ERISA preemption. Plaintiff states that his claims are not preempted under § 510, the Interference Statute. Plaintiff states that his claims relate to the loss of his employment and not to the terms or administration of the group health plan. Plaintiff states that the defendants did not interfere with his rights under the Plan, but rather with his statutory and contractual rights regarding his employment, claims which are governed under

3

Missouri state law.

### A. The Well Pleaded Complaint Rule

The 'well-pleaded complaint' rule generally prohibits removal of an action filed in state court when no federal question appears on the face of the complaint. . . . Under one exception to the well-pleaded complaint rule, certain federal regulations completely preempt state laws and invoke the Court's federal subject matter jurisdiction. . . . The Supreme Court of the United States has applied this doctrine to actions governed by Section 502(a), which contains ERISA's civil enforcement provisions. . . Therefore, even when a plaintiff asserts only state law claims, an action is removable to federal court if the claims fall within the scope of § 502(a). . . . In evaluating whether the doctrine of complete preemption applies in a particular case, other courts in this district have analyzed the following three factors: (1) whether the plaintiff has standing to bring a claim under ERISA; (2) whether the subject matter of the plaintiff's state law claims fall within the scope of § 502(a); and (3) whether the claims can be resolved without an interpretation of an ERISA-governed employee benefit plan.

Engh v. Smithkline Beecham Corp., No. 07-3483 (MJD/SRN), 2007 WL 4179361, *3

(D.Minn. Nov. 20, 2007)(internal citations omitted).

### B. Complete Preemption vs. Express Preemption

In Tovey v. Prudential Ins. Co. of America, 42 F.Supp.2d 919 (W.D.Mo. 1999),

the Court explained the difference between complete preemption and express

preemption. The Court stated:

Section 514 provides that ERISA shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan covered by the statute. 29 U.S.C. § 1144(a). The provision provides a federal defense to a plaintiff's state law claims when those claims relate to an employee benefit plan governed by ERISA. Much of the jurisprudence, from the United States Supreme Court down, has focused on the meaning of the words 'relate to' in determining ERISA's preemptive scope. The central test that has emerged provides that a state law having a 'connection with or reference to' an ERISA-governed plan is preempted by ERISA § 514. . . . The preemptive scope of § 514 is certainly important, and the Court may ultimately be required to determine whether Tovey's claims have a connection with or reference to an ERISA-governed plan.

4

> However, neither the provisions of ERISA § 514 nor any judicial analysis of ordinary preemption under that section can help the Court determine whether it has subject matter jurisdiction. . . . For a federal court to have subject matter jurisdiction over a case, the parties must be completely diverse or a federal question must appear on the face of the plaintiff's well-pleaded complaint. . . . It is not sufficient that federal law may provide a defense to the plaintiff's claims. . . . As a federal defense to a plaintiff's state law claims, ordinary preemption under ERISA § 514 does not appear on the face of a well-pleaded complaint, and, therefore, does not authorize removal to federal court.

Id. at 922 (internal citations and quotations omitted). The Court pointed out that "[a]nalysis of § 514 is irrelevant for jurisdictional purposes." Id. at 921 n. 1. In order to determine whether a Court has subject matter jurisdiction, the Court must first determine whether plaintiff's claims fall within § 502.

**C. Do Plaintiff's Claims Fall Within the Scope of § 502(a)?**

In Tovey, the Court stated that to determine what claims fall within § 502(a), first "a court must first determine whether the plaintiff is eligible to bring a claim under that section. ERISA § 502(a) is available only to ERISA plan participants and beneficiaries." Id. at 925. "Second, the subject matter of an eligible plaintiff's state law claim must fall within the scope of § 502(a). In other words, the claim must seek to recover benefits, to enforce rights, or to clarify rights to future benefits." Id. "Third, the benefits or rights that the plaintiff seeks to recover, clarify, or enforce must arise under the terms of the plaintiff's plan. This factor is best determined by considering whether the Court can resolve the plaintiff's state law claims without an interpretation of the plan documents." Id.

In the instant case, plaintiff as an employee of KCG was a participant in the group health plan. Thus, the Court finds that plaintiff would have standing to pursue his

5

Case 4:07-cv-00641-FJG   Document 39   Filed 02/28/08   Page 5 of 9

claims.  The question is closer with regard to whether plaintiff's claim falls within the scope of § 502(a).  Defendants state that plaintiff's petition "unambiguously and repeatedly states that the primary motive for the defendant's decision to terminate plaintiff's employment was a desire to interfere with his eligibility to receive group health insurance." (Defendant's Reply Suggestions, p. 2).  ERISA does contain an Interference provision which states in part:

> It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . . .

29 U.S.C. § 1140 (§ 510).

In Wood v. Prudential Insur. Co. of America, 207 F.3d 674 (3d Cir.), cert. denied, 531 U.S. 927 (2000), the Court stated:

> A claim of discharge based on a 'benefits-defeating' motive comes under Section 510 of ERISA.  That section prohibits the discharge of a participant or beneficiary for the purpose of interfering with the attainment of any right to which such participant may become entitled. . . . Congress enacted this section to prevent unscrupulous employers from discharging or harassing their employees in order to prevent them from obtaining their statutory or plan-based rights. . . . Section 510 of ERISA does not stand alone; by its terms it gains its enforcement vitality from Section 502.  Section 510 provides: The provisions of [section 502] of this title shall be applicable in the enforcement of this section. § 510, 29 U.S.C. § 1140.  Thus, any state claim that falls within Section 510 is necessarily within Section 502.

Id. at 677 (internal citations and quotations omitted).

Defendants argue that plaintiff repeatedly alleges that the primary motive for defendants' decision to terminate him was a desire to interfere with his eligibility to receive group health insurance.  Defendants state that plaintiff's argument that he is not

6

claiming that he was discriminated against because of a benefits-defeating motive and is only claiming that he was terminated because his employer feared increased health insurance premiums is a distinction without a difference.

In a sur-reply, plaintiff argues that he is claiming that the defendants terminated him because of his perceived disability and because he refused to unlawfully become an independent contractor. Plaintiff states that defendants' motive was greed, not to punish him for exercising his rights or to interfere with any ERISA rights. Plaintiff states that in this case, the defendants did not target or interfere with any of his individual or particular benefits. Rather, their motive was one of generalized greed, a desire to save money by avoiding future costs of group insurance premiums and other costs associated with employment, that they would save by classifying him as an independent contractor. Plaintiff argues that a desire *to avoid paying* higher insurance premiums because of a person's disability is not the same as intending to *interfere with* a participant's right to benefits under a plan.

In Bennett v. Hallmark Cards, Inc., No. 92-1073-CV-W-6, 1993 WL 327842 (W.D.Mo. Aug. 17, 1993), the Court stated:

> It is certainly true that not all employment discrimination claims are preempted by ERISA. The court must consider the alleged reason for discrimination in deciding preemption. There is a distinction between a claim for a loss of benefits which is incidental to the larger claim for employment discrimination and a claim for loss of benefits where the alleged motivation for discrimination was the evasion of benefit payments. . . . If the motivating factor is not an attempt to avoid paying benefits or interference with the attainment of benefits, then the claim is only incidental to a claim for benefits under a plan and does not fall within the broad meaning of §1144(a).

Id. at *3.

Although this is a close question, the Court is mindful that the removal statute is to be narrowly construed and any doubts about the propriety of removal are to be resolved in favor of state court jurisdiction. The Court finds that plaintiff in his Petition is not seeking to recover benefits, to enforce his rights or to clarify rights to future benefits. Rather, plaintiff is only seeking damages for defendant's allegedly unlawful conduct. Accordingly, the Court does not find that plaintiff's claims fall within the scope of § 502(a).

In Keim v. Washington University, No. 4:07CV5330DJS, 2007 WL 1378454 (E.D.Mo. May 7, 2007), the plaintiff alleged that her former employer violated the Missouri Human Rights Act by discriminating against her on the basis of her sex, on the basis of her age and by retaliating against her for asserting her rights under the MHRA. She also asserted a claim for wrongful discharge. Defendant removed the case citing preemption under ERISA and plaintiff moved to remand. The Court determined that plaintiff's claims were not preempted and thus not subject to removal because the incidental reference to ERISA benefits did not constitute an allegation of a benefits motive for plaintiff's discharge.

Similarly, in the instant case, the Court finds that the heart of plaintiff's petition is not his ERISA health insurance plan or the denial of his benefits, but rather the defendant's allegedly unlawful discharge of plaintiff. Accordingly, the Court finds that plaintiff's claims are not subject to preemption and therefore the removal was improper.

8

## IV. CONCLUSION

Therefore, the Court hereby **GRANTS** plaintiff's Motion to Remand (Doc. # 7), **DENIES** as **MOOT** defendants' Motion to Dismiss (Doc. # 5), **GRANTS** plaintiff's Motion to Withdraw Document to Extend Time to Respond to Defendant's Supplemental Suggestion to Permit Discovery (Doc. # 38).

This case is **REMANDED** to the Circuit Court of Jackson County, Missouri at Kansas City. The Clerk of the Court is directed to mail a certified copy of this Order to the Clerk of the Circuit Court of Jackson County, Missouri at Kansas City as required by 28 U.S.C. § 1447(c).

Date: 02/28/08     **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
Chief United States District Judge

9